[Civ. No. 1005.   Third Appellate District.—October 15, 1912.]

## THOMAS W. FORSYTH, Appellant, v. JOSEPHINE A. PHELPS, Respondent.

VENDOR AND PURCHASER—ACTION FOR BREACH OF CONTRACT TO SELL LAND—REJECTION BY PURCHASER OF PERFECT TITLE—ADVICE OF SYNDICATE.—An action by the assignee of brokers for alleged breach of a contract by such brokers to negotiate and consummate a sale of the defendant's land, for an amount representing the difference between the net price to the defendant at which said real estate was sold by the brokers, and the gross price at which it is alleged that the brokers agreed in writing to sell the property to the intending purchaser, is not sustainable where such purchaser refused to accept the tender of a deed conveying a perfect title to the land, upon the advice of a syndicate for which

he was acting, in which syndicate such brokers and the purchaser owned one-half interest. It is manifest that the brokers, and not the defendant, committed a breach of the agreement.

APPEAL from a judgment of the Superior Court of San Mateo County. Geo. H. Buck, Judge.

.The facts are stated in the opinion of the court, and further facts are referred to therein as stated in the opinion rendered in *French* v. *Phelps* (No. 988), *ante,* p. 101 [128 Pac. 772.]

Frank S. Brittain, Hillyer, Stringham & O'Brien, Robert L. Mann, and Charles N. Kirkbride, for Appellant.

Ross & Ross, and W. C. Sharpstein, for Respondent.

HART, J.—The complaint in this action asks for judgment against the defendant for damages in the total sum of $33,915. for the alleged breach of the terms of a certain instrument in writing, executed by the defendant, whereby the latter authorized Filcher & Cox, real estate brokers, and the assignors of the plaintiff, to negotiate and consummate the sale of certain land of the defendant, situated in San Mateo County, said amount representing the difference between the net price to the defendant at which said real estate was to be sold by the brokers and the gross price at which, it is alleged, the latter agreed in writing for the defendant to sell the property to the intending purchaser.

It is alleged that, before the institution of this action, Filcher & Cox assigned to the plaintiff the claim in suit.

The defendant was given judgment, from which and the order denying him a new trial the plaintiff appeals.

This action grows out of precisely the same transaction as that upon which the case of *French* v. *Phelps* (Civ. No. 988), *ante,* p. 101 [128 Pac. 772], is founded. An opinion affirming the judgment of the trial court was this day filed in the last mentioned case, and therein a full statement of the facts from which both actions arose is presented. Therefore, a repetition of said statement in full in this opinion is not deemed essential.

By reference to the facts as given in said case of *French* v. *Phelps,* it will be seen that the defendant, by the writing

by which she authorized Filcher & Cox to sell the land therein described, agreed that the brokers mentioned should receive, as compensation for negotiating such sale, all that they might succeed in securing for said tract of land over the sum of $687.50 per acre. She further therein stipulated that, in case of a sale, she would convey to the purchaser said property, with a perfect title, free and clear of encumbrances.

The evidence discloses that a purchaser was obtained by Filcher & Cox on the terms specified in said authorization to them to sell the property, except that the contract of sale called for a price in excess of that which was to be paid to the respondent, and that the brokers, by virtue of the authority so conferred on them by the respondent, in her behalf, entered into a written contract of sale of the land with such purchaser. By the latter agreement the vendee therein named agreed to pay for the land the sum of $875 per acre, or $187.50 per acre in excess of the net price to the defendant.

It is further made to appear that the vendee, George W. Phelps, named as trustee in the contract of sale, was in fact not acting for himself alone, but for a syndicate organized for the special purpose of purchasing said land, and that he and Filcher & Cox were members of said syndicate and, between them, owned a one-half interest therein—that is, each of the three was to have and own a one-sixth interest in the profits of the deal by the syndicate.

Phelps, trustee, it appears, upon the execution of the contract of sale, made a deposit of five thousand dollars, paying the same to Filcher & Cox, the latter in turn paying said deposit for the defendant to one Chipman, her agent. Thereafter the other members of the syndicate returned to the vendee their respective proportions of the deposit so made.

Mrs. Phelps, in due time thereafter, tendered to Phelps, vendee, a deed purporting to convey to him, as trustee, a perfect title to the property, but the same was rejected upon the grounds that the title thus sought to be conveyed was defective in many particulars, which were specifically pointed out, and that the defendant could not convey a perfect title. The specific objections to the title are given in the case of *French* v. *Phelps, ante,* p. 101, and they need not be repeated here.

It is very clear from the terms of the agreement between Mrs. Phelps and Filcher & Cox that the latter could not claim that they were entitled to the compensation provided by that instrument except in the event that the defendant received the price which it was stipulated therein that she was to receive for her land, unless a sale was prevented by and through her fault.

We held, in the case of *French* v. *Phelps,* that the defendant tendered to the intending purchaser procured by Filcher & Cox a title to the property unembarrassed by any defects or imperfections—in other words, a perfect title. This being true, it necessarily follows that the failure to consummate the sale was not occasioned by the fault or remissness of the defendant. In other words, the defendant did not violate the terms of the agreement into which she entered with Filcher & Cox, but offered in good faith to fully meet her obligation under that instrument.

The fact is that the refusal by Phelps, trustee, to accept the conveyance tendered him by the defendant was due entirely to the advice given him by the syndicate itself for which he was acting in the deal, and that Filcher & Cox, being members of said syndicate, necessarily joined in the advice so given, or, which is strictly true, admonished and approved the course of Phelps in rejecting the proffered conveyance. It is, therefore, plainly manifest that Filcher & Cox themselves, and not the defendant, committed a breach of the agreement.

There is absolutely no ground upon which this action can be maintained, and the judgment and order must, consequently, be affirmed. It is so ordered.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 14, 1912.